

FILED

Sep 30 2019, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Randall J. Hammond
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marty V. Straw, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 30, 2019 <br><br> Court of Appeals Case No. 19A-CR-934 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Wendy W. Davis, Judge <br><br> Trial Court Cause No. 02D04-1804-F6-403 |

**Pyle, Judge.**

## Statement of the Case

[1]    Marty Straw ("Straw") appeals the trial court's order requiring him, as a condition of probation, to register as a sex offender after he was convicted of

Level 6 felony voyeurism.[1]  Concluding that the trial court abused its discretion when it ordered Straw to register as a sex offender, we reverse and remand with instructions for the trial court to remove the sex offender registration requirement as a condition of Straw's probation.

[2]  We reverse and remand with instructions.

## Issue

> Whether the trial court abused its discretion when it ordered Straw to register as a sex offender after he was convicted of voyeurism.

## Facts

[3]  When K.T. ("K.T.") was a freshman in high school, she lived with her father, Straw.  During that time, K.T. twice found her father's phone in the bathroom when she went in the room to shower.  The first time she found the phone, it was propped up on the counter facing the shower and was recording her.  K.T. deleted the video.  The second time she found the phone, it was propped up in a bathroom decoration with some towels and clothes on top of it.  As soon as K.T. saw the camera, she left the bathroom.  Another day, while closing tabs on Straw's phone, K.T. noticed on the phone a photograph of the top half of her body from her head to her waist.  K.T. was wearing nothing but a bra.

---

[1] IND. CODE § 35-45-4-5.

[4] K.T. eventually told her mother what had been happening at Straw's house. A Department of Child Services ("DCS") case worker and a Fort Wayne Police Department Officer interviewed K.T., and a digital forensics examiner analyzed Straw's phone. Following the phone analysis, a detective showed the photos that had been found on the phone to K.T. Straw had taken one of the photos, a picture of K.T. in her underwear, by sliding his camera under his daughter's bedroom door. K.T., who was unaware that the photograph had been taken, showed "a clear emotional response" upon seeing it. (Tr. Vol. 1 at 227).

[5] Straw was arrested and charged with Level 6 felony voyeurism.[2] The charging information alleged that Straw had "knowingly or intentionally peep[ed] into an area where an occupant of the area reasonably c[ould] be expected to disrobe without the consent of another person, by means of a camera, video camera, or any other type of video recording device[.]" (App. Vol. 1 at 16).

[6] At a jury trial, K.T. testified that Straw would frequently wrestle with her and press his penis against her while they were wrestling. K.T. further testified that one time Straw touched her vagina outside her clothing while they were wrestling. In addition, K.T. testified that on another occaision she had gone into the kitchen while Straw was eating some crackers. According to K.T., Straw had crumbled the crackers, cupped his hand with the crackers in it, and put his hand down the front of K.T.'s pants under her underwear. Straw later

---

[2] Straw was also charged with and acquitted of Level 5 felony sexual misconduct with a minor.

apologized to K.T. and told her that "it [had gone] too far[.]" (Tr. Vol. 1 at 154).

[7] A jury convicted Straw of voyeurism. During the sentencing hearing, the trial court sentenced Straw to two (2) years and sixty (60) days, with the two (2) years suspended to probation. The trial court further ordered Straw to comply with the standard conditions of probation as well as a probation addendum order. Pursuant to the terms of the addendum order, Straw was required to register as a sex offender; complete an electronic monitoring supervisory period; attend, participate in, and successfully complete a sexual perpetrator treatment program; not reside within 100 feet of school property; not possess obscene matter or child pornography; and not use a social networking site or chat room to communicate with a child less than sixteen years old. Straw now appeals the imposition of the condition that required him to register as a sex offender.

# Decision

[8] "Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." *Carswell v. State*, 721 N.E.2d 1255, 1258 (Ind. Ct. App. 1999). Trial courts have broad discretion in determining the appropriate conditions of a defendant's probation. *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013), *trans. denied*. We will not set aside a trial court's probation terms unless it has abused its discretion. *Id*.

[9] Straw argues that the trial court abused its discretion when it imposed a probation condition that required him to register as a sex offender. He specifically contends that the trial court abused its discretion because the crime for which he was convicted, voyeurism, is not listed as an offense requiring sex offender registration under INDIANA CODE § 11-8-8-4.5. He is correct.[3]

[10] The law is well-established that criminal statutes must be strictly construed against the State and may not be enlarged beyond the fair meaning of the language used. *Jackson v. State*, 570 N.E.2d 1344, 1347 (Ind. Ct. App. 1991), *trans. denied*. In addition, criminal statutes may not be held to include offenses other than those clearly defined. *Id.*

[11] INDIANA CODE § 11-8-8-7 provides that a sex offender must register under that chapter. INDIANA CODE § 11-8-8-4.5 defines a sex offender as a person convicted of any of the offenses set forth in the statute. These offenses include, among others, child molesting, child exploitation, vicarious sexual gratification, child solicitation, child seduction, sexual misconduct with a minor, incest, and possession of child pornography. Voyeurism is not included in this list of offenses. Nor was Straw convicted of any of the offenses enumerated in the statute. When the legislature defines a word, the courts are bound by that definition. *State v. D.M.Z.*, 674 N.E.2d 585, 588 (Ind. Ct. App. 1996). Only

---

[3] We affirm all other conditions in the addendum order because they are reasonably related to Straw's rehabilitation and the protection of public safety. *See Carswell*, 721 N.E.2d at 1258 (holding that our review of probation conditions is limited by the principal that the conditions imposed must be reasonably related to the treatment of the defendant and the protection of public safety).

those cases, which are clearly within its meaning and intention can be brought within the statute. *Id.*

[12] Here, the legislature did not include a person convicted of voyeurism in its definition of sex offender. It could have easily done so but chose not to do so. A trial court is without authority to order a person who has not been convicted of one of the offenses set forth in the statute to register as a sex offender. Accordingly, the trial court abused its discretion in ordering Straw to register as a sex offender as a condition of his probation.[4]

[13] Reversed and remanded with instructions.

Robb, J., and Mathias, J., concur.

---

[4] The State's reliance on *Whitener v. State*, 982 N.E.2d 439 (Ind. Ct. App. 2013), *trans. denied*, is misplaced. There, this Court affirmed the trial court's order that Whitener register as a sex offender as a condition of his probation following his conviction for Class A felony burglary. Although burglary is not an enumerated offense under INDIANA CODE § 11-8-8-4, the underlying felony that Whitener intended to commit when committing the burglary was rape, which is an enumerated offense. *Id.* We further noted that Whitener had been found guilty of committing rape as a Class B felony, and the trial court had vacated his conviction based upon double jeopardy principles. Thus, we concluded that because Whitener's crime involved the act of raping the victim it was under the trial court's discretion under the facts of that case to order that he register as a sex offender as a condition of his probation. *Id.* Here, however, Straw was convicted of voyeurism, which is not an enumerated offense. Although he was charged with sexual misconduct with a minor, which is an enumerated offense, he was acquitted of that charge. Under these circumstances, the trial court abused its discretion in ordering him to register as a sex offender as a condition of probation.